UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRETT JONES, | Case No. 3:05-cv-00154-MMD-RAM |
| Petitioner, | ORDER |
| v. | |
| E. K. McDANIEL, et al., | |
| Respondents. | |

Before the Court are petitioner's motion for rule 60(b) relief (dkt. no. 50), respondents' opposition (dkt. no. 53), and petitioner's reply (dkt. no. 55). Relief is not warranted, and the court denies the motion.

A jury found petitioner guilty of one count of first-degree murder, victim 65 years of age or older, and one count of robbery, victim 65 years of age or older.[1] The prosecution was seeking the death penalty. Before the penalty phase of the trial began, petitioner agreed to plead guilty to both counts, with stipulated sentences of imprisonment that removed the option of the death penalty. The state district court sentenced petitioner to life imprisonment without the possibility of parole for the first-degree murder, plus an equal and consecutive term for the victim's age. The state district court sentenced petitioner to a maximum term of 180 months and a minimum term of 40 months for robbery, plus an equal and consecutive term for the victim's age.

---

[1] The Court takes some items of this procedural history from the order of November 28, 2011, in *Jones v. Smith*, Case No. 3:10-cv-00590-LRH-WGC.

The sentences for the robbery count run consecutive to the sentences for the murder count. Petitioner did not appeal the judgment of conviction.

Petitioner filed a post-conviction habeas corpus petition in state district court, which denied the petition. Petitioner appealed. The Nevada Supreme Court affirmed, noting that all of petitioner's claims were outside the scope of a post-conviction habeas corpus petition arising out of a guilty plea.

Petitioner then commenced this action *pro se*. The Court appointed the Federal Public Defender, who filed a first amended petition for writ of habeas corpus (dkt. no. 14). The Court found that petitioner had not exhausted his state-court remedies for any of the grounds in the first amended petition, and the Court dismissed this action without prejudice. (Order, dkt. no. 30.) Petitioner appealed, and the court of appeals affirmed. (Dkt. no. 46.)

Petitioner filed a second post-conviction habeas corpus petition in the state district court. The state district court found that the petition was procedurally barred. Petitioner appealed. The Nevada Supreme Court affirmed. It held that the petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810(2).

Petitioner filed another habeas corpus petition pursuant to 28 U.S.C. § 2254 in this court, *Jones v. Smith,* Case No. 3:10-cv-00590-LRH-WGC. The court dismissed *Jones v. Smith* because it was untimely under 28 U.S.C. § 2244(d) and because it was procedurally defaulted.

Petitioner filed a third habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court, *Jones v. Nevada,* 3-14-cv-00364-MMD-VPC. The Court determined that the petition was successive under 28 U.S.C. § 2244(b). The Court referred the petition to the court of appeals for authorization to file a second or successive petition. The court of appeals denied authorization.

Petitioner filed a motion for rule 60(b)(6) relief in a separate action, *Jones v. Nevada*, Case No. 3:16-cv-00036-RCJ-VPC. The court construed the motion as a

habeas corpus petition pursuant to 28 U.S.C. § 2254. The court dismissed the action because it was successive under 28 U.S.C. § 2244(b).

Petitioner then filed the current motion for rule 60(b) relief in this action. (Dkt. no. 50.) He argues that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), has overruled this Court's decision because he now can show cause to overcome the procedural default. *Martinez* held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 1318-19. Petitioner's argument is incorrect. The Court did not dismiss this action because petitioner's claims were procedurally defaulted. The Court dismissed this action because petitioner had not presented any of his grounds for relief to the state courts, making the first amended petition entirely unexhausted. That still is true. *Martinez* made no statement about unexhausted claims. Even after *Martinez*, the Court still is obliged to dismiss an entirely unexhausted petition. Petitioner has not shown that he is entitled to relief from the judgment, and the Court denies the motion.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

Petitioner also has filed a motion for appointment of counsel. (Dkt. no. 52.) The Court denies the motion because petitioner's motion for rule 60(b) relief plainly is without merit, and counsel would not be of assistance.

It is therefore ordered that petitioner's motion for rule 60(b) relief (dkt. no. 50) is denied.

///

1  It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 52) is denied.

It is further ordered that a certificate of appealability is denied.

DATED THIS 6th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4